IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

January 14, 2011

RE: WILLIAM MIKELL V. WARDEN DAVID A. VARANO
CA No. 10-7095

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Restrepo, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By _____
LINDA V. JERRY, Deputy Clerk

cc: Mikell

Courtroom Deputy to Judge Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MIKELL | : | CIVIL ACTION |
| v. | : | |
| DAVID A. VARANO, et al. | : | NO. 10-7095 |

## REPORT AND RECOMMENDATION

L. FELIPE RESTREPO   JANUARY 10, 2011
UNITED STATES MAGISTRATE JUDGE

Before the Court is a Petition for Writ of Habeas Corpus filed by William Mikell pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the State Correctional Institution in Coal Township, Pennsylvania. For the reasons which follow, the habeas petition should be dismissed as time-barred.

### PROCEDURAL HISTORY

Following a jury trial in the Court of Common Pleas of Philadelphia, Mikell was convicted on December 8, 2004 of First Degree Murder, Robbery, and Possession of an Instrument of Crime. See Commonwealth v. William Mikell, CP No. 51-CR-0716051-1987, Mem. Op. at 1 (C.P. Phila. filed July 28, 2008); Hab. Pet. ¶¶ 1-6. Sentencing was deferred until December 9, 2004, and petitioner was sentenced to a mandatory term of life in prison. See Common Pleas Ct. Op. filed 7/28/08, at 1.

Following the denial of post-sentence motions, in April of 2005 Mikell filed a direct appeal, and on June 14, 2006, the Superior Court of Pennsylvania affirmed the judgments of

sentence. Id. The Supreme Court of Pennsylvania denied allowance of appeal on November 28, 2006. See Commonwealth v. Mikell, 905 A.2d 1046 (Pa. Super. 2006) (table), allocatur denied, 912 A.2d 837 (Pa. 2006) (table); see also Common Pleas Ct. Op. filed 7/28/08, at 1-2. Mikell did not file a petition for certiorari in the U.S. Supreme Court. See Hab. Pet. ¶ 9(h).

On April 5, 2007, Mikell filed in the Common Pleas Court a petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-46. See Common Pleas Ct. Op. filed 7/28/08, at 2. Following the filing of an amended PCRA petition by counsel and a supplemental amended petition, the PCRA Court dismissed the petition on May 2, 2008. Id.

On March 17, 2009, the Superior Court affirmed the denial of PCRA relief. See Commonwealth v. Mikell, 968 A.2d 779, 783 (Pa. Super. 2009). Pennsylvania's Supreme Court denied allowance of appeal on December 9, 2009. See Commonwealth v. Mikell, 985 A.2d 971 (Pa. 2009).

As the Court's civil docket reflects, the Clerk of Court received Mikell's federal habeas petition on December 7, 2010. The petition alleges that the PCRA Court erred in failing to grant relief on claims of ineffective assistance of counsel at trial and on direct appeal. See Hab. Pet. ¶ 12(A)-(D).

## DISCUSSION

Section 101 of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), amended 28 U.S.C. § 2244 to impose a one-year period of limitation on applications for writs of habeas corpus by persons in state custody. See 28 U.S.C. § 2244(d)(1). Pursuant to AEDPA, the limitation period begins to run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Here, in that the statutory exceptions to the general rule do not apply, see § 2244(d)(1)(B)-(C), the one-year period of limitation began to run when the judgments of conviction became final. Id. § 2244(d)(1)(A).

The judgments of conviction became final in this case on February 26, 2007, when the time for seeking review on direct appeal in the U.S. Supreme Court expired.[1] See Kapral, 166 F.3d at 576 (holding that on direct review the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the U.S. Supreme Court). Therefore, petitioner had one year after that date, see Sweger v. Chesney, 294 F.3d 506, 513 (3d Cir. 2002), cert. denied, 123 S. Ct. 1902 (2003), plus any time during which the period of limitation was tolled, to file a § 2254 petition. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Swartz v. Meyers,

---

1. Petitioner's request for allowance of appeal on direct review was denied by the Supreme Court of Pennsylvania on Nov. 28, 2006. See Commonwealth v. Mikell, 912 A.2d 837 (Pa. 2006) (table); see also Common Pleas Ct. Op. filed 7/28/08, at 1-2. Pursuant to Supreme Court Rule 13, petitioner had 90 days after that date, or until Feb. 26, 2007, to petition for certiorari review in the U.S. Supreme Court. See Kapral v. United States, 166 F.3d 565, 571 n.3 (3d Cir. 1999).

3

204 F.3d 417, 419-20 (3d Cir. 2000); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

"The statute of limitations for federal habeas corpus petitions is subject to two tolling exceptions: (1) statutory tolling during the time a 'properly filed' application for state post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception." Merritt, 326 F.3d at 161 (citing Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999)). With respect to statutory tolling, § 2244(d)(2) provides in relevant part that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Thus, under the habeas statute as amended by AEDPA, assuming that Mikell's PCRA petition was "properly filed" for purposes of § 2244(d)(2), the time during which that petition was pending in the state courts should not be counted in calculating the period of limitation. See § 2244(d)(2); see, e.g., Swartz, 204 F.3d at 420. His PCRA petition was filed on April 5, 2007. See Common Pleas Ct. Op. filed 7/28/08, at 2. Therefore, AEDPA's period of limitation was tolled from that date until December 9, 2009, when the Supreme Court of Pennsylvania denied allowance of appeal, and Mikell's PCRA petition was no longer pending in the Pennsylvania courts.

However, since AEDPA's period of limitation had started running on February 26, 2007, when the judgments of conviction became final in this case, 38 days of the one-year period of limitation had already elapsed by the time Mikell filed his PCRA petition. See, e.g., Burns, 134 F.3d at 111. Consequently, when the period of limitation began running again on December 9, 2009, petitioner had 327 days remaining, or until November 1, 2010, to file his § 2254 petition.

4

See Swartz, 204 F.3d at 419-20; Miller v. N.J. Dep't of Corrections, 145 F.3d 616, 617-18 (3d Cir. 1998).

The Clerk of Court did not receive the § 2254 petition until December 7, 2010, thirty-six days **after** the period of limitation **expired**. Since Mikell failed to file his § 2254 petition within AEDPA's limitation period, absent equitable tolling, the habeas petition was not timely filed.[2] See Miller, 145 F.3d at 617-18; Burns, 134 F.3d at 111.

The Supreme Court has held that the federal habeas statute of limitations is subject to equitable tolling in only extraordinary circumstances. See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010); see also Miller, 145 F.3d at 618. In particular, a petitioner "'is entitled to equitable tolling' **only** if he shows '(1) that he has been pursuing his rights **diligently**, and (2) that some **extraordinary circumstance** stood in his way' and **prevented** timely filing." Holland, 130 S.

---

2. Both the federal and Pennsylvania state courts recognize the prisoner mailbox rule. See Burns, 134 F.3d at 113 (a federal habeas petition is deemed filed at the moment it is delivered to prison officials for mailing to district court); Commonwealth v. Jones, 700 A.2d 423, 426 (1997) (mailbox rule applies to pro se prisoners' appeals in Pennsylvania courts). However, there is certainly nothing in the record suggesting that Mikell's petitions were handed to prison officials more than 36 days prior to when the courts received them and marked them as "filed." See Jones, 700 A.2d at 426 ("appellant bears the burden of proving that he or she in fact delivered the appeal within the appropriate time period."); Acheampong v. United States, 2002 WL 32130108, *3 (E.D. Pa. Oct. 16, 2002) (citing Houston v. Lack, 487 U.S. 266, 275 (1988)) ("the Supreme Court, in the leading case regarding the application of the 'mailbox rule' to pro se prisoners' habeas corpus petitions, articulated that it is a 'bright line rule' that even the act of handing a complaint to prison authorities for mailing must be documented"); see also Brown v. Cuyler, 669 F.2d 155, 157 (3d Cir. 1982) (petitioner has the burden of proving all facts entitling him to a discharge from custody as well as demonstrating that he has met all procedural requisites entitling him to relief). Moreover, Mikell appears to have violated Local Rule 9.3(a) and habeas rule 2(d), in failing to provide all of the information **requested on the habeas form** provided by the Court, including the date he signed his § 2254 petition and the date he "placed [it] in the prison mailing system," see Hab. Pet. at 19. See Local R. Civ. P. 9.3(a) (requiring that all habeas petitions "be filed on forms provided by the Court and **shall contain the information called for by such forms.**") (emphasis added); see also 28 U.S.C. foll. § 2254, Rule 2(d) (requiring habeas petitions to be in compliance with forms provided by the Court).

5

Ct. at 2562 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (emphases added); see also Lawrence v. Florida, 127 S. Ct. 327, 1085 (2007) (quoting Pace, 125 S. Ct. at 1814) (observing that a litigant seeking equitable tolling bears the burden of establishing "that he has been pursuing his rights diligently" **and** that "some extraordinary circumstance stood in his way") (emphasis added); Merritt, 326 F.3d at 168 (citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001)). "The law is clear that courts must be **sparing** in their use of equitable tolling." See Jones, 195 F.3d at 159 (quoting Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999)) (emphasis added).

In this case, petitioner fails to allege circumstances which would warrant invoking the sparing doctrine of equitable tolling. It is noted that lack of understanding or knowledge of the law is not an appropriate basis to invoke equitable tolling, see Jones, 195 F.3d at 160; School Dist. of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981) ("[i]gnorance of the law is not enough to invoke equitable tolling"), and "[m]ere excusable neglect is [also] not sufficient," see Miller, 145 F.3d at 618-19.

Petitioner does not allege circumstances which **prevented** him in some **extraordinary** way from filing a timely federal habeas petition. See Lee v. United States, 2005 WL 1949441, *5 (E.D. Pa. 2005) (citing United States v. Bruce, 2002 WL 31757938, *1 (D. Del. Nov. 26, 2002)) ("A statute of limitations should only be tolled in rare situations."); United States v. Ramsey, 1999 WL 718079, *2 (E.D. Pa. Aug. 26, 1999); see also Davis v. Artuz, 2001 WL 199454, *3 (S.D. N.Y. Feb. 28, 2001) ("the petitioner must show that circumstances actually impeded the ability to file a timely petition"). Moreover, **even if** he had alleged extraordinary circumstances preventing him from asserting his rights, he fails to allege circumstances

6

indicating that he exercised **reasonable diligence**. See, e.g., Pace, 125 S. Ct. at 1815; Schlueter, 384 F.3d at 78. He has not alleged facts sufficient to show that "the 'sparing' doctrine of equitable tolling" should be invoked in this case. See Robinson v. Johnson, 313 F.3d 128, 143 (3d Cir. 2002) (quoting Jones, 195 F.3d at 159), cert. denied, 540 U.S. 826 (2003); see also Brown, 322 F.3d at 774. Accordingly, since Mikell failed to file his § 2254 petition within the one-year period of limitation, this petition is time-barred. See Brown, 322 F.3d at 776; Miller, 145 F.3d at 617-18; Burns, 134 F.3d at 111.

Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See 28 U.S.C. foll. § 2254, Rule 4. Here, for the foregoing reasons, it plainly appears that Mikell is not entitled to habeas relief. Therefore, the petition should be dismissed.[3]

---

3. The Supreme Court has held that district courts may consider, sua sponte, the timeliness of a state prisoner's habeas petition. See Day v. McDonough, 126 S. Ct. 1675, 1684 (2006); see also Long v. Wilson, 393 F.3d 390, 403 (3d Cir. 2004) ("a federal magistrate judge may raise the AEDPA statute of limitations issue [sua sponte] in a Report and Recommendation ('R&R')") (parenthetical added); see, e.g., Mulero v. Folino, 2008 WL 2704545, *1, *5 n.10 (July 8, 2010) (dismissing habeas petition as untimely and adopting R&R which raised the timeliness issue sua sponte); Minner v. Tennis, 2007 WL 2892013, *1 (E.D. Pa. Oct. 2, 2007) (dismissing § 2254 petition as time-barred and adopting R&R raising the statute of limitations issue sua sponte); Hernandez v. Folino, 2006 WL 2136084, *3 n.2 (E.D. Pa. July 27, 2006) (citing Day, 126 S. Ct. at 1684) (same); Camilo v. Klem, 2006 WL 1687186, *2 (E.D. Pa. June 15, 2006) (same); Cluck v. Shannon, 2006 WL 1648947, *2 (E.D. Pa. June 8, 2006) (same). It is further observed that the pre-printed habeas form provided to petitioners to complete provides clear notice of the one-year period of limitation, and of course, as with the cases cited above, this R&R provides petitioner with further notice of the applicability of the timeliness issue, and he has a reasonable opportunity to oppose the dismissal of his habeas petition, should he so desire, through the filing of timely objections. See Pabon v. Mahoney, 2008 WL 249845, *4 n.7 (E.D. Pa. Jan. 30, 2008) (dismissing as untimely § 2254 petition pursuant to Rule 4); Cooper v. Pa. Att'y Gen., 2007 WL

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability ("COA") may not issue unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; **and** (2) whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 123 S. Ct. 1029, 1046 (2003) (Scalia, J., concurring).

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484. Here, for the reasons set forth above and in light of the aforementioned decisions invoking AEDPA's period of limitation as a procedural bar, a reasonable jurist could not conclude that the Court would be incorrect in dismissing the petition as time-barred. See Slack, 529 U.S. at 484. Accordingly, a COA should not issue.

My Recommendation follows.

---

2492726, *2 n.3 (W.D. Pa. Aug. 30, 2007) (citing circuit court cases) ("To the extent that Petitioner is entitled to notice and an opportunity to respond to the statute of limitations bar . . ., the [R&R] procedure with its opportunity to file objections provides such notice and opportunity to be heard."); see, e.g., Knecht v. Shannon, 132 Fed. Appx. 407, 408 (3d Cir. May 25, 2005) (affirming dismissal of habeas petition as untimely where U.S. Magistrate Judge raised timeliness issue sua sponte in R&R adopted by the District Judge).

## RECOMMENDATION

**AND NOW**, this 10th day of January, 2011, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, it is hereby **RECOMMENDED** that the habeas petition be **DISMISSED** as time-barred and that a certificate of appealability should not issue.[4]

_/s/ L. Felipe Restrepo_
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE

---

4. Petitioner is advised that he may file objections to this Report and Recommendation. See Local R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM MIKELL : CIVIL ACTION
:
v. :
:
DAVID A. VARANO, et al. : NO. 10-7095

ORDER

AND NOW, this            day of                         , 2011, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The Petition for Writ of Habeas Corpus is DISMISSED as time-barred;

3. A certificate of appealability should not issue since, for the reasons set forth in the Report and Recommendation, petitioner has failed to show that a reasonable jurist could conclude that the Court is incorrect in dismissing the petition as time-barred.

BY THE COURT:

_____
C. DARNELL JONES, J.